UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re                                                                                  Case No. 05-26583
Jamie A. Czerneski and
Lynn Wurtinger-Czerneski                                                   (Chapter 7)
              Debtors.

MEMORANDUM DECISION

Jamie A. Czerneski ("Jamie") and Lynn Wurtinger-Czerneski ("Lynn") (collectively, the "Debtors") were married when they filed this chapter 7 bankruptcy case on April 22, 2005. Accordingly, Wisconsin's marital property laws affect their ownership interests in property. The legal issue here is whether Jamie may claim all or a portion of certain property as exempt even though the property was gifted to Lynn individually, and remains titled in her name.

The property in question is a piece of vacant land in Langlade County, Wisconsin valued in the schedules at $22,000 with no outstanding lien. Even though the Debtors concede that the land is Lynn's individual property (not marital property), they have each claimed the land as exempt by "stacking" the federal "wildcard" exemption of $10,225, for a total exemption of $20,450. "Stacking" or "doubling" the exemption is permitted in a joint case, pursuant to 11 U.S.C. § 522(m) (2005). The chapter 7 trustee objected to Jamie's claim of exemption.

The federal wildcard exemption is found in 11 U.S.C. § 522(d)(5) and provides:

(d) The following property may be exempted under subsection (b)(1) of this section:

> (5) The debtor's aggregate interest in any property, not to exceed
> in value $975[1] plus up to $9,250 of any unused amount of the
> exemption provided under paragraph (1) of this subsection [the
> homestead exemption].

---

[1]On February 24, 2004, the Adjustment of Dollar Amounts by the Judicial Conference of the United States was altered, effective April 1, 2004. *See Notice of Revision of Certain Dollar Amounts in the Bankruptcy Code Prescribed Under Section 104(B) of the Code*, 69 F.R. 8482-01.

"Aggregate interest" is not defined in the Bankruptcy Code, but state law generally controls questions about property interests in a bankruptcy estate. *See Dominick's Finer Foods, Inc. v. Mason (In re Makula)*, 172 F.3d 493, 496 (7th Cir. 1999) (citing *Butner v. United States*, 440 U.S. 48, 54 (1979)). *See In re Bippert*, 311 B.R. 456 (Bankr. W.D. Tex. 2004) (husband could not claim wife's interest in her personal injury claim as it was her separate property under Texas law, and he could not claim as exempt property that was not property of his bankruptcy estate). What interest, if any, can Jamie claim in the vacant land under Wisconsin law?

At the time of the bankruptcy petition the Debtors were married, although a divorce proceeding was initiated two months later. For married debtors, § 766.31(2) of the Wisconsin Statutes creates a presumption that all property is marital property. However, property acquired by a spouse as a gift from a third party is considered the individual property of that spouse. Wis. Stats. § 766.31(7)(a) (2004). Wis. Stats. § 766.63(1) further provides that mixing marital property with individual property reclassifies the individual property to marital property unless the component of the mixed property which is individual property can be traced.[2] Since the Debtors concede that the property was gifted to Lynn and remained titled in her name on the date of the bankruptcy petition, Jamie can only claim an interest in the land if he can establish a mixing of his marital property with the land. The Debtors admit that the land is vacant land, and there is no mortgage on the property. The only marital funds that were arguably mixed with the individual property were the payments of real estate taxes on the land. If this is sufficient to

---

[2] Wis. Stats. § 766.63(2) states that nonmarital property may also be transformed into marital property in certain instances where one spouse has contributed substantial effort, skill or managerial activity to the asset, substantially increasing its value, without reasonable compensation. There has been no argument that Jamie provided this so-called "labor enhancement" to the property.

constitute a mixing, Jamie would have an interest in the land that he could claim as exempt, at least as to his share of the real estate taxes paid.

The parties briefed the matter. In addition to arguing that Jamie should be able to exempt his marital property interest in the real estate tax component of the land, he claims to be entitled to a hardship exemption under Wis. Stats. § 767.255, since he has lost his job, is on probation for battery and has been charged with criminal conversion of property. In support of their arguments, the Debtors cite *Spindler v. Spindler*, 207 Wis. 2d 329, 558 N.W.2d 645 (Ct. App. 1996), for the proposition that if the amount of marital funds expended on maintenance and upkeep of the property can be easily ascertained, the marital property component of the individual property can be traced. *Spindler* also addresses the entitlement to the hardship exemption.

The Trustee responds that the hardship exemption of Wis. Stats. § 767.255 does not apply in bankruptcy cases, disagrees with the Debtors' interpretation of *Spindler*, and cites *Krueger v. Rodenberg*, 190 Wis. 2d 367, 527 N.W.2d 381 (Ct. App. 1994), holding that expenditures on maintenance and upkeep, particularly in the form of real estate taxes, are not enough to effectively "mix" individual property or create a marital property portion in individual property. The Trustee concludes that Jamie has no interest in the property to exempt.

In *Spindler*, a divorcing couple disputed whether a cottage that had been gifted to the husband individually should change character and become marital property as a result of the wife's contributions in the form of labor. 207 Wis. 2d at 330-331, 558 N.W.2d at 648. The court of appeals reversed the trial court, and held that in determining whether the use of marital funds should alter the character of the property, "[t]he key test is whether, despite the use of

3

commingled funds, the inherited portion of the asset can still be identified and valued." *Id.* at 340, 558 N.W.2d at 652. In the passage cited by the Debtors, the court stated:

> [T]he marital funds expended in the maintenance and upkeep of the cottage [were] easily ascertained . . . [and the husband's] gifted portion can be valued by subtracting the few expenditures made to the property from its total value. *The expenditure amount from marital funds would be subject to division, while the remaining portion would be awarded to [the husband]*.

*Id.* (citations omitted) (emphasis supplied).

The *Spindler* court also considered the issue of whether the refusal to divide the property would create a hardship on the non-owner spouse. The court instructed that "[a] finding of 'hardship' requires the trial court to conclude that the inclusion of the exempt asset is necessary to eliminate or alleviate a financial difficulty or privation which would otherwise exist if the property division were limited to the marital property." *Id.* at 341 n.1, 558 N.W.2d at 652. Indeed, "[t]he 'hardship' determination must be made in light of the facts and history of the case and the relative financial circumstances of the parties before and after the divorce. This consideration should not be limited to essential needs only." *Id.*

The problem with the Debtors' reliance on *Spindler* is that *Spindler* is a divorce case. Courts in such cases apply the provisions of Chapter 767 of the Wisconsin Statutes, "Actions Affecting the Family." But any interest Jamie has in this property, derives from Chapter 766 of the Wisconsin Statutes, dealing with "Marital Property." In *Kuhlman v. Kuhlman*, the court confronted the contrasting problem of a family court applying Chapter 766, and explained the distinction:

> While some confusion is inevitable when courts, as they often do, refer to a divorcing couple's assets as 'marital property,' the reference is not to 'marital property' as that term is defined in the

4

> Marital Property Act, but simply to property of the marriage which is subject to division upon divorce within the meaning of sec. 767.255, Stats. The Marital Property Act, on the other hand, has nothing to do with the division of property on dissolution of a marriage. It is concerned only with the spouses' ownership of property during the marriage and at their death.

146 Wis. 2d 588, 591, 432 N.W.2d 295 (Ct. App. 1988).

*Kuhlman* means that cases such as *Spindler* interpreting the marital property interests of divorcing parties under Chapter 767 of the Wisconsin Statutes have no relevance outside of divorce proceedings, such as in determining the property interests of a debtor in bankruptcy. None of the provisions of Chapter 767 apply here, including the "hardship exemption" of Wis. Stats. § 767.255.[3] Although the Debtors may argue for application of these provisions because Jamie and Lynn have now filed a divorce proceeding, as of the date of the bankruptcy petition, they were married. If the divorce preceded the bankruptcy, and the family court had awarded Jamie an interest in the land under the hardship exemption, he could then presumably claim his interest as exempt in the bankruptcy case. However, the nature of a debtor's property interest and the debtor's entitlement to exemptions is determined as of the date of the bankruptcy petition. *See Polis v. Getaways, Inc. (In re Polis),* 217 F.3d 899 (7th Cir. 2000). As of the petition date, the property was Lynn's individual property, and Jamie had no interest in it, unless the payment of the real estate taxes with marital property operated to mix the property and allow Jamie to claim the mixed portion as exempt.

---

[3] Moreover, since Jamie has chosen the federal exemptions under 11 U.S.C. § 522, he cannot claim exemptions created by a Wisconsin statute. *See In re Kochell*, 732 F.2d 564, 566 (7th Cir.1984) (noting that "once the debtor has elected the *exclusive list of federal exemptions outlined in the Bankruptcy Code*," exemptions that may have been available had the debtor chosen the state exemptions are no longer an option) (emphasis supplied).

Unfortunately for the Debtors, courts in Wisconsin have decided this precise question against them. *Krueger v. Rodenberg*, confronted the issue head-on: "[w]hether the fact that real estate taxes assessed on [individual] property were paid from joint funds in the years following the passage of the [Marital Property] Act constitutes a 'mixing' of nonmarital and marital property within the meaning of § 766.63(1), Stats., resulting in the reclassification of the real estate to marital property." 190 Wis. 2d at 373, 527 N.W.2d at 384. The husband in *Krueger* had purchased property solely in his name prior to the Wisconsin Marital Property Act. After the husband murdered his wife, the representative of the wife's estate brought an action against him for a determination that his individual property had become mixed property, since marital funds were expended on real estate taxes. The trial court rejected the representative's argument, stating that the tax payments simply maintained the property and did not enhance its value in any way. *Id.* at 372, 527 N.W.2d at 384.

The court of appeals affirmed, citing *Estate of Kobylski v. Hellstern (In re Estate of Kobylski)*, 178 Wis. 2d 158, 503 N.W.2d 369 (Ct. App. 1993), and held that the non-owner spouse cannot be allowed any credit for payments that constitute merely "maintenance of the property." *Id.* at 376, 527 N.W.2d at 385. The court explained that, although *Kobylski* did not specifically address real estate taxes, "it would make little sense in this case to rule . . . that a marital property interest can be *created* by the mere payment of taxes or other maintenance expenses." *Id.* (emphasis in original). The court also relied on cases from two other community property states: *Moore v. Moore*, 618 P.2d 208 (Cal. 1980), and *Chance v. Kitchell*, 659 P.2d 895 (N.M. 1983). *Krueger*, 190 Wis. 2d at 376 n.4, 527 N.W.2d at 385.

6

*Moore* explains the rationale as to why the payment of taxes, insurance and similar "maintenance" items does not constitute mixing: Property purchased by one spouse before marriage is individual property, even though a part of the purchase price is not paid until after marriage. However, if a portion of the balance of the purchase price is paid with community funds, the property would be community property, but only to the extent and in the proportion that the purchase price is contributed by the community. Since payment of taxes, interest and insurance does not increase the equity in the property, such payments do not increase the community property interest in property. Accordingly, the payment of real estate taxes alone is insufficient to establish mixing. *Moore,* 618 P.2d at 210. *See also Ludwig v. Geise (In re Geise)*, 132 B.R. 908 (Bankr. E.D. Wis. 1991) (portion of equity attributed to the mortgage payments made with marital funds could be claimed as marital property, except that resulting calculation showed the amount of marital property was negligible).

In this case, Jamie's only contribution to the land was payment of the real estate taxes with marital funds. This is insufficient under Wisconsin law, and Jamie cannot claim a marital property interest in the land. Since he has no interest in the land, he cannot claim the land exempt under the wildcard exemption. As a debtor in bankruptcy, he cannot claim the hardship exemption available to divorcing parties under Chapter 767 of the Wisconsin Statutes. A separate order will be issued sustaining the Trustee's objection and disallowing Jamie's portion of the wildcard exemption

Dated: September 13, 2005

                                        By the Court:

                                        */s/ Susan Kelley*
                                        Susan V. Kelley
                                        U.S. Bankruptcy Judge